```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

ROSTAM MALEKZADEH,            )
                              )
        Plaintiff             )
                              )        No. 3:12-0928
v.                            )        Judge Sharp/Bryant
                              )        **Jury Demand**
NASHVILLE SYMPHONY,           )
                              )
        Defendant             )

## REPORT AND RECOMMENDATION

**TO:  THE HONORABLE KEVIN H. SHARP**

Defendant, The Nashville Symphony Association, named in the complaint as "Nashville Symphony," has filed its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket Entry No. 19).

Plaintiff Rostam Malekzadeh, who is proceeding *pro se* and *in forma pauperis*, has filed his response to Defendant's statement of undisputed material facts (Docket Entry No. 24).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED and the complaint dismissed with prejudice.

## STATEMENT OF THE CASE

Plaintiff Malekzadeh has filed his complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* Specifically, Malekzadeh charges that he was wrongfully terminated from his employment as a part-time server in the Nashville Symphony's food service department based upon his race (Persian), gender (male), religion (Muslim), and national origin (Iran) (Docket Entry No. 1

at 2).

Defendant has filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 8).

Following discovery, Defendant has now filed its motion for summary judgment.

**STANDARD OF REVIEW**

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the

moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party, drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## SUMMARY OF PERTINENT FACTS

The following summary is taken from the declaration of Jonathan Norris (Docket Entry No. 23) and Defendant's statement of undisputed material facts (Docket Entry No. 21) filed in support of the subject motion for summary judgment.

Plaintiff Malekzadeh was employed by the Defendant in January 2010 as a part-time server in Defendant's dining facility located in the Schermerhorn Symphony Center in Nashville. Malekzadeh's employment as a part-time server was an on-call position. As an on-call employee, Malekzadeh was expected to provide his weekly availability to Defendant's food and beverage management. Defendant's management team then scheduled Malekzadeh for work based upon his stated availability. In order for the food service operation to operate smoothly, it was important that Malekzadeh and other part-time servers appear for work after being scheduled based upon their stated availability. Malekzadeh was

provided a copy of Defendant's Part-Time Employee Manual containing rules of conduct including the attendance policy. This manual stated that Defendant expected employees to be reliable and punctual in reporting for scheduled work, and that absenteeism placed a burden upon other employees and upon Defendant's organization. This manual further informed Malekzadeh that a poor attendance record would be considered cause for discipline up to and including termination.

On multiple occasions, Malekzadeh represented that he was available for work only to be unavailable later after having been scheduled based upon his earlier representation. Defendant's food and beverage management did not learn of his unavailability on these occasions until after the work schedule was posted. After Malekzadeh called to say he was unavailable to work his scheduled shift, Defendant's managers were left to scramble to find a last-minute replacement for him.

On May 2, 2010, Nashville, Tennessee, experienced historic and devastating flooding of the Cumberland River, which severely damaged the Schermerhorn Symphony Center where Malekzadeh worked. As a result of this flood damage, Defendant was forced to shut down its Symphony Center dining operations for several months while flood damage was being repaired.

Immediately before the May flood, Ms. Gutheridge and Ms. Lusebrink, food and beverage service managers for Defendant, decided to dismiss Malekzadeh from his employment because of his multiple instances of being unavailable to work after having been

4

scheduled based upon his earlier representations of his availability. Malekzadeh was not immediately informed of his termination, however, because the May flood forced Defendant to shut down its food and beverage operations in the Symphony Center from May until December 2010.

In December 2010, as Ms. Gutheridge and Ms. Lusebrink began to prepare for the reopening of the dining facility, including the scheduling of part-time employees, they decided that their earlier decision to terminate Malekzadeh based upon his attendance problems would stand. They notified Malekzadeh of his termination by letter.

In early February 2011, Jonathan Norris, Vice President of Human Resources for Defendant, received a report that Malekzadeh had claimed to another employee that he had been subjected to employment discrimination and had been terminated because of his ethnic background. Norris conducted an investigation of Malekzadeh's claim, including interviews with several employees and a telephone conference with Malekzadeh to discuss his claims. This investigation failed to substantiate Malekzadeh's claim of employment discrimination, but did confirm that on multiple occasions Malekzadeh had been unavailable for work after having been scheduled based upon his earlier representation of availability. Despite the lack of evidence supporting Malekzadeh's claim of employment discrimination, Norris nevertheless decided to give Malekzadeh a second chance at employment if he agreed to comply with Defendant's attendance policy. Norris met with

5

Malekzadeh, and informed him that an investigation had failed to substantiate his employment discrimination claims. Nevertheless, Norris told Malekzadeh that he would be allowed to return to work provided that he signed a written statement acknowledging that he would be expected to show up for work when he was scheduled, and that future failure to do so would result in his termination. Malekzadeh refused to sign this employee statement and instead insisted upon receiving back pay for hours that he claimed he should have received while the Symphony Center was undergoing repairs for flood damage. Defendant denied that Malekzadeh was entitled to such compensation.

Plaintiff Malekzadeh's response in opposition to Defendant's motion for summary judgment consists solely of his handwritten response to Defendant's statement of undisputed material facts (Docket Entry No. 24). In 11 of his 80 responses to these statements, Malekzadeh states that he "agrees" or "disagrees" with the statement, and in response to each statement Malekzadeh requests 60 days to obtain legal counsel.[1] His responses are not sworn, nor do they comply with Local Rule 56.01(c), which requires that any disputed fact must be supported by specific citation to the record. Therefore, the undersigned Magistrate Judge finds that Malekzadeh's response fails to satisfy the evidentiary requirements of Rule 56(c)(1) and (c)(4) in order to establish the existence of a genuine dispute of a material fact for trial.

---

[1] The 60 days that Malekzadeh sought to obtain counsel expired months ago.

**ANALYSIS**

Title VII renders unlawful an employer's decision "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national original." *Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) (quoting 42 U.S.C. § 2000e-2(a)(1)). In order to establish a *prima facie* case of discrimination, a plaintiff must prove intentional or purposeful discrimination. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982). The Plaintiff may present either direct evidence of discrimination or circumstantial evidence that would allow an inference of discriminatory treatment. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572 (6th Cir. 2000). Direct evidence is evidence that establishes the existence of discriminatory intent without any inferences or presumptions. *Talley v. Bravo Pitino Restaurants, Ltd.*, 61 F.3d 1241, 1248 (6th Cir. 1995). If the Plaintiff attempts to prove discrimination through circumstantial evidence, courts apply the *McDonnell Douglas-Burdine* test. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)).

To establish discrimination, the Plaintiff must show that (1) he is a member of a protected class; (2) he is qualified for his job and performed it satisfactorily; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly

situated individual outside his protected class. *Johnson v. Univ. of Cincinnati*, 215 F.3d at 572-73.

If the Plaintiff satisfies his burden under the *McDonnell Douglas-Burdine* test, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for Plaintiff's termination. *McDonnell-Douglas*, 411 U.S. at 802. If the employer can satisfy this burden, then the Plaintiff must prove that the employer's reason is a pretext to hide unlawful discrimination. *Id*. at 804. To establish pretext, a plaintiff must show that "(1) the stated reasons had no basis in fact; (2) the stated reasons were not the actual reasons; and (3) that the stated reasons were insufficient to explain the defendant's action." *Johnson v. Univ. of Cincinnati*, 215 F.3d at 573.

Here the record fails to contain any direct evidence of intentional discrimination by Defendant. Therefore, if Malekzadeh is to prevail, he must establish intentional discrimination by circumstantial evidence. It appears undisputed that Malekzadeh has satisfied, or can satisfy, prongs 1 and 3 of the *McDonnell Douglas-Burdine* test. That is, he is a Muslim from Iran and his employment has been terminated. The second prong of the test – that he was qualified for his job and performed it satisfactorily – appears to be at least somewhat in dispute. Though Malekzadeh appears to have been qualified to work as a part-time server, Defendant argues that his failure to show up to work the shifts for which he was scheduled rendered his performance unsatisfactory. In any event, the undersigned Magistrate Judge finds that the record fails to

contain any evidence to establish the fourth prong of the *McDonnell Douglas-Burdine* test, that Malekzadeh was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class.

Accordingly, the undersigned finds that Malekzadeh has failed to carry his burden of establishing evidence in support of the four prongs of the *McDonnell Douglas-Burdine* test. Moreover, even if Malekzadeh had offered such evidence, the undersigned finds that Defendant has articulated a legitimate, nondiscriminatory reason for Malekzadeh's termination – his multiple failures to be available to work shifts after having been scheduled to do so based upon his earlier representation that he was available. Malekzadeh has offered no admissible evidence to show that this stated reason for his termination is pretextual.

For the reasons stated above, the undersigned Magistrate Judge finds that Malekzadeh has failed to carry his burden to present evidence that Defendant is guilty of employment discrimination in violation of Title VII. The undersigned Magistrate Judge finds that there is no genuine issue of material fact for trial, and that Malekzadeh's complaint should be DISMISSED with prejudice.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant's motion for summary judgment be GRANTED and that the complaint be dismissed with prejudice, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 19th day of December, 2013.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge