UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROSTAM MALEKZADEH, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| | ) | |
| | ) | No. 3:12-0928 |
| v. | ) | Judge Sharp |
| | ) | |
| NASHVILLE SYMPHONY, | ) | |
| | ) | |
| Defendant | ) | |

# ORDER

In this *pro se* employment discrimination action, Plaintiff Rostam Malekzadeh claims that he was unlawfully terminated from his employment as a part-time server at the Schermerhorn Symphony Center because of his race (Persian), gender (male), religion (Muslim), and national origin (Iran). Magistrate Judge Bryant has entered a Report and Recommendation (Docket No. 46), recommending that the Motion for Summary Judgment (Docket No. 19) filed by the Nashville Symphony Association (named in the complaint as "Nashville Symphony") be granted and that this case be dismissed with prejudice.

Plaintiff has filed an Objection to the R & R. (Docket No. 52). That one-page document is handwritten and, at points, hard to decipher. Regardless, the Court has considered the entire file in this case and, upon *de novo* review in accordance with Rule 72(b) of the Federal Rules of Civil Procedure, finds the recommended disposition to be correct.

Plaintiff conclusorily asserts that the decision to terminate him "was a pretext to hide unlawful discrimination." (Id. at 1). However, before even reaching the pretext question under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Dep't of Community Affairs

1

v. Burdine, 450 U.S. 248 (1981) paradigm, it was incumbent upon Plaintiff to establish a *prima facie* case, which he failed to do. As Magistrate Judge Bryant pointed out, it was questionable whether Plaintiff was qualified to work or satisfactorily performing his work given his repeated no-shows; in any event, he failed to present any evidence that he was replaced by a person outside of his protected class or was treated less favorably than a similarly-situated individual outside of his protected class. Moreover, Plaintiff has offered no admissible evidence which would tend to suggest that the stated reason for his termination – "his multiple failures to be available to work shifts after having been scheduled to do so based upon his earlier representation that he was available" (Docket No. 46 at 9) – was pretextual.

Plaintiff also argues that his "dedication was true" because he volunteered to work days that full-time employees did not want. (Docket No. 52 at 1). Even if that is true, it does not address the fact that he was not available to work on dates that he stated he would be, and it does not address the fact that he has presented no evidence that others, similarly situated, were treated more favorably. Besides, Plaintiff's "'subjective view of [his] qualifications in relation to [others], without more, cannot sustain a claim of discrimination.'" Briggs v. Potter, 463 F.3d 507, 516 (6th Cir. 2006) (quoting Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 462 (6th Cir. 2004)).

Plaintiff also appears to complain about not being given a "second chance." However, "Defendant had no legal duty to allow plaintiff a second chance to conform to company rules or an opportunity to rectify his behavior before making the decision to fire him." Namako v. Acme Markets, Inc., 2010 WL 891144, at *8 (E.D. Pa. March 11, 2010). Moreover, upon his employment, Plaintiff was provided a copy of Defendant's Part-Time Employee Manual which (1) contained the rules of conduct including the attendance policy, (2) stated that Defendant expected employees to

be reliable and punctual in reporting for scheduled work, and (3) warned that a poor attendance record would be considered cause for discipline up to and including termination. See Dock v. Des Moines Ind. Comm'n Sch. Dist., 604 F. Supp. 2d 1230, 1243 (S.D. Iowa 2009) (collecting cases for the proposition that where "the employer's policies provide that the employer may fire an employee without warning, the failure to pursue progressive discipline is not persuasive evidence of pretext").

In any event, Plaintiff was given a second chance when the Schermerhorn Symphony Center reopened after the May 2010 flood. Even though an internal investigation revealed no evidence of discrimination, Jonathan Norris, Vice President of Human Resources, decided to give Plaintiff a second chance at employment if he agreed to comply with Defendant's attendance policy and signed a statement to that effect. Plaintiff refused to sign the statement. Plaintiff's present suggestion that the offer was "not genuine" because Mr. Norris did not require others to sign it, is nothing more than conclusory. See Tibbs v. Calvary United Methodist Church, 505 F. App'x 508, 513 (6th Cir. 2012) ("'[C]onclusory allegations and subjective beliefs ... are wholly insufficient evidence to establish a claim of discrimination as a matter of law") (citation omitted); Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008) ("[c]onclusory assertions, supported only by Plaintiff's own opinions, cannot withstand a motion for summary judgment").

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket No. 46) is hereby ACCEPTED and APPROVED;

(2) Defendant's Motion for Summary Judgment (Docket No. 19) is hereby GRANTED;

(3) Plaintiff's recently filed Motions for Summary Judgment (Docket Nos. 58 & 60) and Motion for Trial Demand (Docket No. 59) are hereby DENIED AS MOOT;

(4) Defendant's Motion to Strike Plaintiff's Motions for Summary Judgment (Docket No. 61) is also DENIED AS MOOT; and

(5) Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE